IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIAH S. CRENSHAW, ) | CASE NO. 1:25 CV 218 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| EILEEN A. GALLAGHER, et al, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Mariah S. Crenshaw filed this action against three Ohio Eighth District Court of Appeals Judges Eileen A. Gallagher, Frank Daniel Celebreeze, and Sean C. Gallagher, claiming they violated the Ohio Constitution and the Ohio Revised Code, committed torts under Ohio law, and denied her due process by declaring her to be a vexatious litigant. She seeks declaratory relief stating that the Defendants violated her rights, relief from the vexatious litigant order, and monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Motion is granted.

**Factual and Procedural Background**

Plaintiff's 254 page Complaint contains very few facts and is composed almost entirely of legal argument and exhibits. The exhibits reveal that Plaintiff filed a lawsuit regarding the content of social media posts against a third party in the Cuyahoga County Court of Common Pleas. On appeal, the Ohio Eighth District Court of Appeals noted that Plaintiff had filed 16

appeals and 5 original actions since 2013, with the majority of them being filed in 2022. (Doc. No. 1-3 at PageID #: 81). Plaintiff indicates that she had filed 22 appeals and 5 original actions. (Doc. No. 1 at PageID #: 3). The Appellate Court further indicates as of the date of that opinion (April 18, 2024), eight of the judges have had to recuse themselves from Plaintiff's appeals, leaving only four judges to handle her numerous filings, and states that her numerous meritless appeals and actions are taxing the resources of the Clerk's Office. (Doc. No. 1-3 at PageID #: 81). The Appellate Court declared her to be a vexatious litigator and barred her from filing new appeals or continuing with current appeals, *pro se* without first obtaining leave of court. (Doc. No. 1-3 at PageID #: 82). The Order also requires her to pay the filing fee, and bars her from proceeding *in forma pauperis*, in any new actions or appeals. Judges Eileen A. Gallagher, Frank Daniel Celebreeze, and Sean C. Gallagher signed that Order. (Doc. No. 1-3 at PageID #: 82).

Plaintiff objects to the Ohio Appellate Court's designation of her as a vexatious litigator. She claims that the Judges erred in finding that she meets the criteria of a vexatious litigator under Ohio Revised Code § 2323. She further claims they denied her equal protection under the Fourteenth Amendment of the United States Constitution, and committed the torts of negligence, slander, libel, false light, malfeasance, malfeasance in public office and abuse of power. She seeks relief from the vexatious litigator judgment, and the order barring her from proceeding *in forma paupers*, and requests an award of monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, this Federal Court cannot overturn or reverse a state court judgment. United States District Courts do not have jurisdiction to review state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S.

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the Court also considers the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, the source of the Plaintiff's alleged injury is the Ohio Appellate Court's vexatious litigator judgment. Plaintiff claims that the judges erred in arriving at that determination and did not comply with the Ohio statute that permits the vexatious litigator designation to be given to a

litigant. Moreover, she asks this Court to overturn that judgment. This Court lacks subject matter jurisdiction to grant that relief.

Furthermore, the Defendants are immune from suit. Judges are absolutely immune from civil suits. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which the judge presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. The second exception to judicial immunity is rare and it is distinguished from situations in which a judge misapplies the law, or issues orders or judgements that are in excess of his or her authority. Immunity is not forfeited even if the judge acted maliciously, erroneously, or corruptly. *Mireles*, 502 U.S. at 12-13.

Neither exception to absolute immunity applies in this case. The three Defendants were acting as judges when they issued the vexatious litigator judgment against Plaintiff. Furthermore, the Eighth District Court of Appeals has subject matter jurisdiction over all appeals from decisions of the Cuyahoga County Court of Common Pleas. This Order was included in the decision on an appeal before the Appellate Court. Judges, Eileen A. Gallagher, Frank Daniel Celebreeze, and Sean C. Gallagher are absolutely immune from suit.

**Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. Her Motion to Have Privileges to Electronically File (Doc. No. 3) is denied. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2025

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-